**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000338
30-JAN-2019
08:04 AM**

NO. CAAP-16-0000338

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JASON KIRIAKO, Appellant-Appellant,
v.
STATE OF HAWAIʻI, DEPARTMENT OF HUMAN SERVICES,
Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-1460)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Hiraoka, JJ.)

Appellant Jason Kiriako (**Kiriako**) appeals from the
Judgment (**Judgment**) in favor of Appellee State of Hawaiʻi
Department of Human Services (**DHS**) entered by the Circuit Court
of the First Circuit (**Circuit Court**)[1] on March 29, 2016. Kiriako
raises two points of error:

1. The Circuit Court erred by finding that Kiriako's
constitutional right to due process was not violated in the
administrative hearing; and

2. The Circuit Court erred by finding there was
sufficient evidence to support the hearing officer's decision.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments advanced and the issues raised, as well as the
relevant statutory and case law, we affirm the Judgment for the
reasons explained below.

---

[1] The Honorable Rhonda A. Nishimura presided.

## I.

On June 12, 2014, DHS was informed of possible child abuse after Kiriako's then-wife (**Mother**) obtained a restraining order against Kiriako for herself and on behalf of their seven-month old daughter (**Child**).[2]  Mother had reported that on June 5, 2014, she heard Child "screaming" while in the living room with Kiriako, and later that night "found a handprint on [Child's] upper right back and two vertical long red marks."  On December 23, 2014, DHS notified Kiriako it had confirmed that Kiriako was the perpetrator of physical harm or abuse to a child. On January 22, 2015, Kiriako requested an administrative hearing. Kiriako's request was made on a DHS form on which was pre-printed:

> I would like an Administrative Hearing because I do not agree with the decision of the Child Welfare Services (CWS) child abuse and/or neglect investigation.

Below the pre-printed language Kiriako typed:

> I request that DHS file a Petition in Family court as I do not agree to jurisdiction.

The administrative hearing was held on April 28, 2015.  The hearings officer issued a decision (**Agency Decision**) on June 29, 2015.  The Agency Decision contained eighty-eight findings of fact, twenty-two conclusions of law, and a discussion of slightly more than two pages.  The Agency Decision concluded with the following order:

> The undersigned Hearing Officer, having carefully reviewed testimony presented at hearing, as well as all evidence, statutes and administrative rules in regard to this matter, issues a decision favorable to the Department.  The Department's action is therefore affirmed and the state central registry shall reflect this decision. §[ ]17-1610-18, Hawaii Administrative Rules.[3]

---

[2]     Hawaii Revised Statutes (**HRS**) § 350-1.1 (2015) requires that employees or officers of the courts who, in their professional or official capacity, have reason to believe that child abuse has occurred, immediately report the matter to DHS.

[3]     Hawaii Administrative Rules (**HAR**) § 17-1610-18 is titled "Registration of reports" and provides:

(continued...)

(footnote added). Kiriako filed a notice of appeal on July 27, 2015. Briefing was completed and the Circuit Court heard oral arguments on March 4, 2016. On March 29, 2016, the Circuit Court entered an order affirming the Agency Decision and the Judgment. This appeal followed.

## II.

Our review of a circuit court decision on an appeal from an administrative agency determination is a secondary appeal; we must determine whether the circuit court was right or wrong in its decision, applying the standards set forth in HRS § 91-14(g) (2012) to the agency's decision. Flores v. Board of Land and Natural Resources, 143 Hawai'i 114, 120, 424 P.3d 469, 475 (2018) (citations omitted).

HRS § 91-14, entitled "Judicial review of contested cases," provides in relevant part:

(g) Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedure; or

(4) Affected by other error of law; or

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

"Under HRS § 91-14(g), conclusions of law are reviewable under subsections (1), (2), and (4); questions regarding procedural defects under subsection (3); findings of fact under

---

[3]    (...continued)
Reports that are accepted by [DHS] for investigation or assessment shall be registered into [DHS]'s information system, which is the state central registry, in accordance with departmental procedures.

subsection (5); and an agency's exercise of discretion under subsection (6)." Id. at 121, 424 P.3d at 476 (citations omitted).

> An agency's conclusions of law are reviewed de novo, while an agency's factual findings are reviewed for clear error. A conclusion of law that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the conclusion is dependent upon the facts and circumstances of the particular case.
>
>> As a general matter, a finding of fact or a mixed determination of law and fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding or determination, or (2) despite substantial evidence to support the finding or determination, the appellate court is left with the definite and firm conviction that a mistake has been made. Substantial evidence is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

Del Monte Fresh Produce (Hawaii), Inc. v. International Longshore and Warehouse Union, Local 142, AFL-CIO, 128 Hawai'i 289, 302, 287 P.3d 190, 203 (2012) (citation omitted). "A court reviewing an agency's decision cannot consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony[.]" Sierra Club v. D.R. Horton-Schuler Homes, LLC, 136 Hawai'i 505, 522, 364 P.3d 213, 230 (2015) (citation, quotation marks and ellipses omitted).

## III.

Kiriako's Opening Brief did not include a copy of the Agency Decision as required by Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(3). The only finding of fact or conclusion of law quoted in the Opening Brief's Points of Error as required by HRAP Rule 28(b)(4)(C) are those made by the Circuit Court:

> 2.    The hearing decision did not violate any constitutional or statutory provisions.

3.    The hearing decision was not made upon unlawful procedure.

We consider each point in turn.

### A.    DHS Did Not Violate any Constitutional or Statutory Provisions

For his first point of error Kiriako contends that he was denied due process because DHS conducted a contested case hearing under HRS Chapter 91[4] rather than file an action in the Family Court.  Ironically, the case law in this area ordinarily involves parties claiming a constitutional right to <u>have</u> a contested case hearing.  <u>See</u>, <u>e.g.</u>, <u>Flores</u>, <u>supra</u>.

An administrative agency must hold a contested case hearing when such a hearing is required by law.  <u>Flores</u>, 143 Hawai'i at 124, 424 P.3d at 479 (citations omitted).  A contested case hearing is required by law when it is required by: (1) statute; (2) administrative rule; or (3) constitutional due process.  <u>Id.</u>  HRS § 350-2(a) provides:

> Upon receiving a report concerning child abuse or neglect, the department shall proceed pursuant to chapter 587A [the Hawai'i Child Protective Act] and the department's rules.

HRS § 587A-11 (2017) gives DHS authority to investigate reports that a child has been harmed.  The DHS rules pertaining to such investigations are contained in HAR Title 17, Chapter 1610, Subchapter 3.[5]  DHS conducted the mandated investigation.  The last investigative entry is dated December 22, 2014.  On December 23, 2014, DHS notified Kiriako that he had been confirmed as the perpetrator of physical harm or abuse to a child.  On January 22, 2015, Kiriako requested an administrative

_____

    [4]    HRS § 91-1(5) defines a "contested case" as "a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing."  Under HRS § 91-1(6), an "agency hearing" is a "hearing held by an agency immediately prior to judicial review of a contested case as provided in section 91-14."  HRS § 91-1(1) defines "agency" as "each state or county board, commission, department, or officer authorized by law to make rules or to adjudicate contested cases, except those in the legislative or judicial branches."  HRS §§ 91-9 through 91-12 delineate the procedural requirements that apply in the context of a contested case hearing held by an administrative agency.

    [5]    Kiriako has not sought declaratory relief on the validity of the DHS rules pursuant to HRS § 91-7.

hearing. The hearing was held on April 28, 2015, and the procedures mandated by HRS §§ 91-9 through 91-12 were followed. The hearings officer issued the Agency Decision on June 29, 2015. Kiriako appealed to the Circuit Court on July 27, 2015. He was afforded due process by DHS.

Kiriako contends that the Family Court had exclusive jurisdiction over his objections to DHS's investigative findings, citing HRS §§ 587A-5 and 571-11(9) (2006). Those statutes provide, in relevant part:

§ 587A-5. Jurisdiction

Pursuant to section 571-11(9), the [Family Court] shall have exclusive original jurisdiction:

    (1)    In a <u>child protective proceeding</u> concerning any child who is or was found within the State at the time specified facts and circumstances occurred, are discovered, or are reported to the department. These facts and circumstances constitute the basis for the court's finding that the child's physical or psychological health or welfare is subject to imminent harm, has been harmed, or is subject to threatened harm by the acts or omissions of the child's family[.]

§ 571-11. Jurisdiction; children

Except as otherwise provided in this chapter, the [Family Court] shall have exclusive original jurisdiction in proceedings:

.  .  .  .

    (9)    For the protection of any child under chapter 587A[.]

(underscoring added). Section 587A-5 authorizes, but does not require, DHS to initiate protective proceedings in Family Court.[6] In this case DHS maintains it did not initiate a protective proceeding for Child because its investigation, including review of a Multidisciplinary Team Conference Report prepared by Kapiʻolani Child Protection Center, indicated that Mother "was assessed as an adequate caretaker with services" and Mother's "home is assessed as safe with services." The investigation also indicated that Mother had separated from Kiriako, the temporary

---

[6]    <u>See</u>, <u>e.g.</u>, <u>In re A.S.</u>, 130 Hawaiʻi 486, 312 P.3d 1193 (App. 2013), <u>aff'd</u>, 132 Hawaiʻi 368, 322 P.3d 263 (2014) (termination of parental rights, placement of child in foster care).

restraining order remained in place, and Kiriako "has not been granted any visitation." We conclude that Kiriako was not deprived of due process in the DHS contested case hearing.

**B.     The Hearing Decision Was Not
Made upon Unlawful Procedure**

For his second point of error Kiriako contends that the Circuit Court "erred by finding there was sufficient evidence to support the hearing officer's decision." Kiriako's Opening Brief did not include a copy of the Agency Decision as required by HRAP Rule 28(b)(3). Nevertheless, we have reviewed the Agency Decision and the transcript of the contested case hearing. There was substantial evidence in the record to support the hearings officer's findings and determination, which were specifically based on an evaluation of witness credibility. In this secondary appeal we "cannot consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony[.]" D.R. Horton-Schuler Homes, LLC, 136 Hawai'i at 522, 364 P.3d at 230 (citation, quotation marks and ellipses omitted). The Circuit Court did not err by finding there was sufficient evidence to support the hearings officer's decision.

**IV.**

Based upon the foregoing, the Judgment in favor of DHS and against Kiriako entered by the Circuit Court on March 29, 2016 is affirmed.

DATED: Honolulu, Hawai'i, January 30, 2019.

On the briefs:

Daphne E. Barbee,
for Appellant-Appellant

Heidi M. Rian,
Candace J. Park,
Deputy Attorneys General
for Appellee-Appellee

Presiding Judge

Associate Judge

Associate Judge